962 F.2d 10
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Paul A. COGHLAN, Plaintiff-Appellant,
v.
Mitchell CHAPMAN and City of Chicago, Defendants-Appellees.
 No. 91-2325.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 24, 1992.*
Decided May 12, 1992.
 
 1
 Before RIPPLE and MANION, Circuit Judges, and GRANT, Senior District Judge.**
 
 ORDER
 
 2
 Appellant Paul Coghlan filed a pro se complaint against the City of Chicago and against Mitchell Chapman, an administrative hearing officer in the City's Bureau of Parking. A twenty-five dollar parking ticket initiated the clash between appellant and the City of Chicago; the hearing officer's denial of appellant's "Petition To Set Aside a Default Determination of Liability" precipitated the lawsuit.
 
 
 3
 In filling out the petition form, Mr. Coghlan did not choose one of the four reasons offered as grounds to set aside the default. Instead, he created a fifth category, "none of the above," and wrote, in the "Reason" space provided on the form, "I was denied a hearing by the City."[1] The hearing officer, stating that "petitioner marked wrong box," denied his petition on February 7, 1991. Although the form announced a right to appeal the decision to the circuit court, Mr. Coghlan brought this action in federal court.
 
 
 4
 Mr. Coghlan filed a two-count complaint under 42 U.S.C. § 1983. The first count asserted a liberty or property deprivation and a due process violation based upon the limited grounds of appeal available in the City's parking ticket appeal process. The second, a pendent state claim, sought judicial review of the hearing officer's decision and claimed exhaustion of administrative remedies.
 
 
 5
 On March 8, 1991, the City Parking Administrator wrote Mr. Coghlan that, upon reconsideration, the Bureau granted his petition to be heard on the merits of his parking violation. Instead of following that route, Mr. Coghlan added Count III to his complaint, alleging that the City's vacation of the hearing officer's denial caused him a deprivation of his right to receive judicial review of final administrative decisions.
 
 
 6
 The district court granted defendants' motion to dismiss. It held that Coghlan had not been deprived of any property (because he still had his $25 and there was no final determination of liability) or of his liberty (because he had been given a hearing on the issues he challenged). Nor had judicial review been denied: Coghlan could have sought circuit court review of Chapman's ruling instead of coming to federal court, and he could still seek judicial review of the administrative decision if he is found liable after his new hearing. The court also determined that Chapman, a hearing officer performing a judicial function, was protected from suit by quasi-judicial immunity. The court also concluded that the City was not liable because no showing of policy had been made. The court then dismissed the case with prejudice.[2]
 
 I.
 
 7
 When reviewing a district court's dismissal of a complaint, we must accept as true all well-pleaded factual allegations and consequent inferences by the plaintiff, and will affirm the dismissal only if the plaintiff failed to allege any set of facts upon which relief may be granted. Yeksigian v. Nappi, 900 F.2d 101, 102 (7th Cir.1990). Our review of the judgment of the district court is de novo. New Burnham Prairie Homes v. Village of Burnham, 910 F.2d 1474, 1477 (7th Cir.1990). Its holding that qualified immunity attaches to the actions of the hearing officer is a legal determination which we also examine de novo. Simkunas v. Tardi, 930 F.2d 1287, 1291 (7th Cir.1991); Upton v. Thompson, 930 F.2d 1209, 1211 (7th Cir.1991), cert. denied, 112 S.Ct. 1262 (1992).
 
 
 8
 In a § 1983 action the plaintiff must establish that "the conduct complained of was committed by a person acting under color of state law," and that "this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." New Burnham Prairie Homes, 901 F.2d at 1479 (citing Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981)). It is the second prong of this test that is in dispute. The plaintiff must show a deprivation of a constitutionally protected liberty or property interest. Magnuson v. City of Hickory Hills, 933 F.2d 562, 566 (7th Cir.1991) (citing Board of Regents v. Roth, 408 U.S. 564, 572-78, 92 S.Ct. 2701, 2706-10, 33 L.Ed.2d 548 (1972)). Only then do we consider whether the defendant observed elemental due process safeguards, including notice and a hearing. Id.
 
 A.
 
 9
 Mr. Coghlan cursorily alleged a deprivation of a protected liberty or property interest. Only in his prayer did he specifically seek injunctive relief from defendants' "parking ticket appeal process" and declaration that the limited appeal grounds violated due process. Mr. Coghlan now claims that the ordinance and the petition form violate due process rights by unconstitutionally limiting the grounds for filing such a petition.
 
 
 10
 The appellant cannot demonstrate any due process violation in the ticketing procedures used under the Chicago Municipal Code parking violation laws. See Saukstelis v. City of Chicago, 932 F.2d 1171, 1173 (7th Cir.1991) ("cascade of notices and opportunities for hearing is quite sufficient under the due process clause"). This court has upheld the parking bureau's demand notices ( see Horn v. City of Chicago, 860 F.2d 700, 705 (7th Cir.1988)), its towing of cars ( see Sutton v. City of Milwaukee, 672 F.2d 644, 648 (7th Cir.1982)) and its use of the "Denver boot" on cars ( see Saukstelis, 932 F.2d at 1174). The extensive appeals process, just one portion of the Code procedure approved in Saukstelis, contains both administrative and judicial reviews of liability determinations; it is equally nonviolative of due process. See Code § 9-100-090 (1990).
 
 
 11
 A reasonable person could easily have followed the steps presented in the Code and have received due process. Because the petition adequately apprised the plaintiff of his right to a hearing and an appeal of the hearing officer's decision, he could have brought this challenge in the context of the original action. See Horn, 860 F.2d at 705. Indeed, the City itself reversed that decision. When a plaintiff has had one hearing and has been promised hearings in the future, he has received all the process due, even on his own theory. See Chicago Observer, Inc. v. City of Chicago, 929 F.2d 325, 328 (7th Cir.1991).
 
 B.
 
 12
 Mr. Coghlan asserts that, because he attacks an established city policy of limiting the grounds for appealing parking tickets, the City of Chicago should be held liable.
 
 
 13
 A city cannot be held liable under § 1983 unless the plaintiff has proven the existence of an unconstitutional municipal policy. City of St. Louis v. Praprotnik, 485 U.S. 112, 128, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988) (plurality opinion). Municipalities are answerable only for their own decisions and policies; they are not vicariously liable for the constitutional torts of their agents. Auriemma v. Rice, 957 F.2d 397, 399 (7th Cir.1992) (citing Monell v. New York Department of Social Services, 436 U.S. 658 (1978)). Chicago's policy to limit the grounds for granting the petition does not violate due process. The City Code's stated grounds are not too restrictive, and the petition itself offers space for a "reason" and notifies the petitioner of his right to appeal. See Thomas v. Fiedler, 884 F.2d 990, 993 (7th Cir.1989) (limited scope of pre-deprivation hearing and judicial review not unconstitutional if prompt post-deprivation review of decision available). We conclude that Mr. Coghlan has failed to state a claim against the City.
 
 C.
 
 14
 Mr. Coghlan's § 1983 claim against the hearing officer Mitchell Chapman is also without merit. The hearing officer's denial of Mr. Coghlan's petition was a decision committed in the performance of his duties as a city agency official involved in adjudication of city regulatory matters.[3] See Scott v. Schmidt, 773 F.2d 160, 163 n. 4 (7th Cir.1985). As such, he is absolutely immune from liability in damages for his decision. See Butz v. Economou, 438 U.S. 478, 513-14, 98 S.Ct. 2894, 2914, 57 L.Ed.2d 895 (1978) (federal administrative law judges); Pierson v. Ray, 386 U.S. 547, 549, 87 S.Ct. 1213, 1215, 18 L.Ed.2d 288 (1967) (municipal police justices); Mother Goose Nursery Schools, Inc. v. Sendak, 770 F.2d 668, 671 (7th Cir.1985), cert. denied, 474 U.S. 1102 (1986) (Indiana Attorney General); Trotter v. Klincar, 748 F.2d 1177, 1182 (7th Cir.1984) (Prisoner Review Board); Reed v. Village of Shorewood, 704 F.2d 943, 952 (7th Cir.1983) (local liquor control commissioner). We conclude that a hearing officer performing a judicial function is entitled to absolute quasi-judicial immunity. Therefore Mr. Coghlan's claim against Mr. Chapman is barred.
 
 D.
 
 15
 Mr. Coghlan's final argument is that the City's reversal of the administrative denial of his petition was an arbitrary and capricious action done to evade judicial review, "and due process requires that an administrative agency refrain from taking such actions after the commencement of a lawsuit challenging the decision." In support Mr. Coghlan offers one case, Atchison, Topeka & Santa Fe Ry. Co. v. U.S., 231 F.Supp. 422, 426-28 (N.D.Ill.1964), for the proposition that, once a final administrative decision has been appealed, the administrative agency could not arbitrarily "... adjust the form of its judicial position to facilitate a victory...."[4] Id. at 428.
 
 
 16
 Mr. Coghlan's reliance on this case is ill-placed. He quotes dictum without acknowledging that it does not reflect the court's upholding of the agency's decision. Id. at 432. He ignores the court's decision that the ICC's ex parte reopening of its proceedings, inconsiderate as it may have been, did not deny the plaintiffs due process of law. Id. at 427-29. Finally, Mr. Coghlan fails to mention that the Atchison plaintiffs were estopped from complaining about the reconsidered decision for two reasons: First, they never asked that the agency's proceedings be stricken or held null and void; and second, the agency's manner of reconsideration did not prejudice the plaintiffs. Mr. Coghlan himself never asked that the parking bureau's reconsideration be stricken; instead, he added a count to his § 1983 action. Moreover, the reversed opinion gave him what he actually sought; it therefore caused no prejudice. This argument is totally without merit.
 
 II.
 
 17
 The defendants request the imposition of sanctions against Mr. Coghlan under Fed.R.App.P. 38 for prosecuting a frivolous appeal. Under that rule, attorney's fees and costs may be awarded when an appeal is both frivolous and an appropriate case for sanctions, A-Abart Electric Supply, Inc. v. Emerson Electric Co., 956 F.2d 1399, 1406-07 (7th Cir.1992), even when a litigant proceeds pro se. Pryzina v. Ley, 813 F.2d 821, 823 (7th Cir.1987). In this case, the pro se appellant was initially a law student and now may be a lawyer. He should have recognized that the result was "foreordained by the lack of substance" to his arguments. See A-Abart, 956 F.2d at 1406 (citing Williams v. Leach, 938 F.2d 769, 775 (7th Cir.1991)). The district court forewarned Mr. Coghlan that he was making "a federal case out of a twenty-five dollar parking ticket" for perhaps improper motives that he, as a law student, should have known not to follow.
 
 
 18
 We have warned plaintiffs like Mr. Coghlan that, while the doors of the courthouse are open to good faith appeals, we do not tolerate abuse of the judicial review process by irresponsible complainants who press frivolous appeals. We will not hesitate to impose sanctions under appropriate circumstances. Miller v. United States, 868 F.2d 236, 242 (7th Cir.1989) (citing Granzow v. C.I.R., 739 F.2d 265, 269-70 (7th Cir.1984)). Nevertheless, we recognize that Rule 38 allows the court of appeals to decline to impose sanctions even if the appeal is frivolous; it says "may award" while Rule 11 says "shall." Mars Steel Corp. v. Continental Bank N.A., 880 F.2d 928, 938 (7th Cir.1989). In this case we are certain that the plaintiff recognizes the serious consequences of further pursuit of this action. Therefore, we decline to impose sanctions under Fed.R.App.P. 38.
 
 III.
 
 19
 Mr. Coghlan was fully afforded the right to appeal the default liability and was granted a hearing on the merits of his parking violation. Instead of exhausting his administrative remedies, he filed a § 1983 suit in federal court. He failed to show any cognizable injury: Neither constitutional deprivation nor due process violation was sufficiently alleged. He has no claim against the City or its hearing officer.
 
 
 20
 We hold that the district court's dismissal of Mr. Coghlan's complaint is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 **
 Hon. Robert A. Grant, Senior District Judge for the Northern District of Indiana, is sitting by designation
 
 
 [1]
 Twice Mr. Coghlan had mailed his "Appeal by Mail" to the City's Bureau of Parking. Twice the City notified him that he had failed to respond; with the second notice of "non-response" the default determination of liability attached
 
 
 [2]
 The district court also stated that, "[i]f there were a case here, it would be moot," since the error was rectified; and "[i]f there were an unmoot case here I would have to abstain," since there was no administrative order to review under state law. Because we decide this case on other grounds, we need not reach the questions of mootness or abstention
 
 
 [3]
 Under Chicago's Municipal Code, §§ 9-100-080, -090, a hearing officer can hear testimony, review documentary and testamentary evidence, issue subpoenas, make liability determinations, and grant or deny petitions to set aside the liability. The parking bureau hearings are conducted with such "safeguards" as the right to be represented by counsel and the requirements that testimony be given under oath or affirmation and that a record of the proceeding be kept
 
 
 [4]
 In Atchison, after the Interstate Commerce Commission issued its ruling and the plaintiffs filed their complaint in court, the Commission reopened the case without notifying the court or requesting a stay of the court's proceedings. However, the court found no due process violation. Noting the difficulties caused by the ICC's issuance of a new decision after the court had begun review of the prior one, it suggested that courts "may deserve and expect the courtesy of prior notice from the Commission," but concluded that "we are reluctant to hold that [courts] may demand it." 231 F.Supp. at 427