NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 17, 2014[*]
Decided April 18, 2014

**Before**

JOEL M. FLAUM, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 13-1229

| | |
|---|---|
| JOHN G. ARMSTRONG, | Appeal from the United States |
|     *Plaintiff-Appellant,* | District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 12 C 3828 |
| CITY OF CHICAGO, et al., | |
|     *Defendants-Appellees*. | Sharon Johnson Coleman, *Judge*. |

**O R D E R**

John Armstrong appeals the dismissal of his civil-rights lawsuit against the City of Chicago and several city employees. He primarily alleges that his right to due process was violated when the City issued him 33 traffic tickets (which he never paid), impounded his car, and declined to renew his chauffeur license. Because he has not stated a valid claim, we affirm the judgment dismissing the complaint.

---

[*]After examining the parties' briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Between 2007 and 2011 Armstrong, a Chicago cab driver, accumulated 33 traffic tickets for red-light, parking, and registration violations, as well as other infractions. The City of Chicago mailed each of the tickets to Armstrong at one or both of the two addresses that it had on file for him. Armstrong never received the tickets and did not pay them. In September 2011 the City mailed a seizure notice, listing each unpaid ticket, to the address that the Secretary of State had on file for Armstrong. It "booted" his car on October 13 and impounded it the next day. The City's Department of Administrative Hearings upheld the validity of the tickets and the impoundment at a hearing that Armstrong's son (who co-owned the car) attended. And because Armstrong owed the City a debt, city officials later declined to renew his chauffeur license. *See* CHI. MUN. CODE § 4-4-150 (2013).

Challenging the City in state court, Armstrong sought and obtained review of the City's decisions to ticket, boot, and tow his car. He did not dispute that he had supplied the City with the addresses to which it sent the tickets, or that he had not paid them. Rather, he argued that the tickets were invalid because, having mailed rather than personally delivered him the tickets, the City had not given him actual notice of them. Armstrong further argued that the City illegally impounded his car because it did not hold a hearing before towing it away. The state court rejected Armstrong's arguments, ruled that Armstrong's tickets were a debt due to the city, and affirmed the administrative decision.

Armstrong next turned to federal court, alleging various statutory and constitutional violations, but essentially arguing that the City violated his right to due process in three ways. He contends that the City gave him inadequate notice about his tickets, impounded his car without first providing a hearing, and improperly refused to renew his chauffeur license. The defendants moved to dismiss the complaint for failure to state a claim and alternatively as barred by issue or claim preclusion. The district court granted the motion, reasoning that the City had complied with due process and that each claim also was barred by claim preclusion or issue preclusion.

On appeal Armstrong appears to maintain that the City unconstitutionally mailed his tickets to an address where he did not receive them, impounded his car without first holding a hearing, and refused to renew his chauffeur license. Because we agree with the district court that Armstrong has not stated a claim, we need not address the defense of preclusion.

Armstrong does not state a claim because, according to his complaint, the City of Chicago followed its local procedures for enforcing parking and moving violations, and we have held that these are constitutional. *See Idris v. City of Chicago*, 552 F.3d 564, 565–66 (7th Cir. 2009) (moving violations and red-light tickets); *Van Harken v. City of Chicago*, 103 F.3d 1346, 1353 (7th Cir. 1997) (parking violations). In particular, we have held that Chicago's process of mailing tickets to the address that the car registrant has given the City and sending demand notices for payment of delinquent tickets to that address, followed by a hearing to contest the tickets, satisfies due process. *Saukstelis v. City of Chicago*, 932 F.2d 1171, 1173 (7th Cir. 1991) ("cascade of notices" mailed to the registered owner of the car at the address in the state's files, "is quite sufficient under the due process clause"); *Horn v. City of Chicago*, 860 F.2d 700, 705 (7th Cir. 1988) (demand notices for payment rather than tickets suffice). Likewise, we have upheld the practice of impounding cars in advance of a hearing when registered owners have two or more unpaid tickets. *Sutton v. City of Milwaukee*, 672 F.2d 644, 648 (7th Cir. 1982).

Under this case law, Armstrong received all the process he was due. According to his complaint and the public records, the City mailed consolidated notices of all of Armstrong's tickets to him at both of the addresses that he had supplied. *See* CHI. MUN. CODE CH. 9-100; *Saukstelis*, 932 F.2d at 1173. It afforded Armstrong a hearing to contest the tickets and the impoundment, and the state court provided judicial review, satisfying due process. *See* 735 ILCS 5/3-113; *Sutton*, 672 F.2d at 648. After providing this process, the City determined that Armstrong owed it money. That adjudicated debt, which Armstrong does not dispute, permitted the City to refuse to renew his chauffeur license. *See Oriental Health Spa v. City of Fort Wayne*, 864 F.2d 486, 491–92 (7th Cir. 1988) (municipality may impose reasonable condition on issuance of licenses); *In re Kimura*, 969 F.2d 806, 811–13 (9th Cir. 1992) (legislative body may condition issuance of licenses on satisfaction of debts owed by license holder). Accordingly, the district court correctly determined that Armstrong failed to state a claim.

AFFIRMED.