NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2761
_____

MARCDER M. GUERRIER,
Appellant

v.

PENNSYLVANIA STATE POLICE; ANDREW AVDULLA,
a/k/a Andi I. Avdulla

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No. 2-20-cv-06569
Chief District Judge:  The Honorable Mitchell S. Goldberg
_____

Submitted under Third Circuit L.A.R. 34.1(a)
June 27, 2024

Before: JORDAN, SMITH, *Circuit Judges,* and BUMB, *Chief District Judge*[*]

(Filed: June 27, 2024)
_____

OPINION[†]
_____

---

[*] Honorable Renée Marie Bumb, Chief District Judge of the United States District Court for the District of New Jersey, sitting by designation.
[†] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**SMITH**, *Circuit Judge.*

Marcder M. Guerrier's 2006 Maserati automobile was seized at the direction of Pennsylvania State Police Trooper Andrew Avdulla. It was then towed and impounded by the Philadelphia Parking Authority (PPA), and sold at auction. Guerrier sued the Pennsylvania State Police (PSP), Trooper Avdulla, and the PPA, alleging that they violated his rights under the Fourth Amendment, the Due Process Clause of the Fifth Amendment,[1] and the Excessive Fines Clause of the Eighth Amendment. The District Court granted the PPA's motion to dismiss under Rule 12(b)(6). Thereafter, PSP and Trooper Avdulla successfully moved for summary judgment. This timely appeal followed.[2] We will affirm.

I.

Guerrier is the President of Blessing Auto Repair in Philadelphia, Pennsylvania. In May of 2019, Trooper Avdulla appeared at Guerrier's business intending to serve an arrest warrant upon Guerrier's brother. The business was closed at the time, but Trooper Avdulla noticed that a Maserati was "illegally

---

[1] Although Guerrier alleged that he was deprived of due process in violation of the Fifth Amendment, we note that his claims are asserted against state defendants and thereby implicate the Fourteenth Amendment. U.S. Const., Amend. XIV ("No State shall . . . deprive any person of life, liberty, or property, without due process of law."). We will simply refer to Guerrier's Fifth Amendment claim as the due process claim.
[2] The District Court exercised jurisdiction under 28 U.S.C. §§ 1331 and 1441(b). We have final order jurisdiction under 28 U.S.C. § 1291.

parked on the sidewalk" next to a handicap ramp. A72; *see* 75 Pa. Cons. Stat. §§ 3352(c)(4); 3353(a)(1)(ii).

Trooper Avdulla contacted the PPA to tow the vehicle to one of its impound lots. Although Guerrier tried to have the vehicle released that day by paying for the towing and storage charges, he learned that a hold had been placed on it. On May 10, 2019, after the hold was removed, the PPA sent notice to Guerrier at his home address that the vehicle could be recovered. The notice advised that failure to reclaim the vehicle within thirty days would result in the Maserati being sold at auction. On June 5, the PPA sent another notice to Guerrier again at his home address that the impounded Maserati could be recovered within fifteen days of the notice or it would be sold at auction on June 29, 2019. By order dated June 10, 2019, the Philadelphia Court of Common Pleas directed both the sale at public auction of various vehicles, including Guerrier's Maserati, and publication in a newspaper of a notice of the sale. On July 9, 2019, a court order directed to Guerrier at his address stated that the Maserati had been sold at auction and that he could claim any proceeds remaining within the following year.

Guerrier initially filed a complaint in state court alleging civil rights and state law claims against the PSP, Trooper Avdulla, and the PPA. The PPA removed the civil action to federal court and filed a motion to dismiss. Guerrier filed an amended complaint, and the PPA filed another motion to dismiss for

3

failure to state a claim. The District Court granted that motion as to the Fourth Amendment claim, concluding that Guerrier had not sufficiently pleaded how the PPA was involved in the unreasonable seizure since the vehicle had been towed at the direction of Trooper Avdulla. The due process claim was dismissed on the ground that the PPA provided Guerrier with adequate notice and an opportunity to be heard as to both the sale and the opportunity to claim any remaining proceeds. The Eighth Amendment claim was dismissed for failure to plead with specificity how the PPA had violated this right.

After discovery closed, the PSP and Trooper Avdulla filed a motion for summary judgment. Guerrier conceded that the PSP was not amenable to suit as a state agency. The District Court granted the motion as to Trooper Avdulla, concluding that the seizure was not unreasonable given Avdulla's belief that there was probable cause that the Maserati was illegally parked on the sidewalk. The Court dismissed the due process and excessive fines claims because there was no evidence that Trooper Avdulla caused a deprivation of due process or that he was involved in the sale of the Maserati. And, alternatively, the District Court reasoned that Trooper Avdulla would be entitled to qualified immunity on his Fourth Amendment and due process claims.

4

II.

On appeal, Guerrier takes issue with the District Court's dismissal of the claims against the PPA,[3] as well as the grant of summary judgment in favor of Trooper Avdulla.[4] And in his argument concerning the PPA claims, Guerrier contends that the District Court erred by failing to grant him leave to amend his already amended complaint. He asserts that after the dismissal of his claims against the PPA, he learned during discovery that the hold on his Maserati had been lifted, but that the PPA had advised him during his several attempts to retrieve the vehicle that it could not be released. He contends, therefore, that "either the PPA or Trooper Avdulla violated Guerrier's Fourth and Fifth Amendment rights by improperly continuing the seizure through refusal to release the vehicle to him prior to the sale." Appellant's Br. 36. With these arguments in mind, we turn to whether Guerrier can prevail.

---

[3] Guerrier does not take issue with the District Court's dismissal of his Eighth Amendment claim against the PPA. It is therefore waived. *See Laborers' Int'l Union v. Foster Wheeler Energy Corp.,* 26 F.3d 375, 398 (3d Cir. 1994).

[4] We exercise plenary review over a District Court's order granting dismissal under Rule 12(b)(6). *Mariotti v. Mariotti Bldg. Prods., Inc.*, 714 F.3d 761, 765 (3d Cir. 2013). We review for an abuse of discretion the decision to grant the dismissal with prejudice. *U.S. ex rel. Zizic v. Q2Administrators, LLC*, 728 F.3d 228, 234 (3d Cir. 2013). We also conduct plenary review of an order granting summary judgment. *Const. Party of Pa. v. Cortes*, 824 F.3d 386, 393 (3d Cir. 2016).

As to Guerrier's Fourth Amendment claim against Trooper Avdulla, Guerrier submits that summary judgment should not have been granted because the Maserati was not parked on the sidewalk. He points out the differences in the appearance of the concrete, the presence of an expansion joint in the concrete, the asphalt of the Auto Repair's lot, and a triangular area bordered by yellow curbing. Taking these factors into account, Guerrier contends the District Court erred in its conclusion that Trooper Avdulla reasonably believed that the Maserati was parked on the sidewalk in violation of the Pennsylvania Vehicle Code.

We agree with the District Court that the photos and testimony of record support "that Trooper Avdulla's belief that [the Maserati] was in fact [on the] sidewalk was reasonable." A19. Because the vehicle's presence on the sidewalk, in whole or in part, constituted probable cause to remove it from the prohibited area, we conclude that the seizure did not offend Guerrier's rights under the Fourth Amendment. *See* 75 Pa. Cons. Stat. §§ 3352(c)(4) and 3353(a)(1)(ii).

Nor are we persuaded that the District Court erred in granting summary judgment in favor of Trooper Avdulla on Guerrier's due process claim. There appears to be no evidence of Trooper Avdulla's involvement in the processing of the sale, which caused Guerrier's loss of the car. *See Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir. 1988). For this same reason, we will not disturb the grant of summary judgment on the Eighth Amendment claim against Trooper Avdulla.

6

And we reject Guerrier's contention that he should be permitted at this late stage in these proceedings to pursue a claim for Trooper Avdulla's interference with the release of his Maserati from the PPA. Guerrier's summary judgment motion was filed after discovery closed. Yet Guerrier never sought to amend his claim to allege a Fourth Amendment deprivation based on an improper continuation of the seizure of the vehicle. "This court has consistently held that it will not consider issues that are raised for the first time on appeal." *Harris v. City of Philadelphia*, 35 F.3d 840, 845 (3d Cir. 1994).

Nor will we disturb the District Court's dismissal of the Fourth Amendment and the due process claims against the PPA. Guerrier correctly recites the reasons that the District Court granted the PPA's motion to dismiss. Yet he fails to identify any error committed by the District Court in granting that dismissal. Instead, he contends that he should be granted leave to amend.

We disagree. The PPA had no direct involvement in the initial seizure of the Maserati. Without some participation in the alleged unconstitutional conduct, PPA cannot be held liable. *Dellarciprete*, 845 F.2d at 1207. Moreover, as the allegations in Guerrier's amended complaint and his arguments before the District Court were focused on the initial seizure of the vehicle only, and not any improper continuation of the seizure, we will not consider them for the first time on appeal. *Harris*, 35 F.3d at 845.

7

There is no basis for reopening the due process claim. Even if the PPA incorrectly advised that the vehicle could not be released, such an averment does not negate the fact that notice of the impending sale was sent to Guerrier's address prior to the sale. He, therefore, had an opportunity to be heard and to raise the alleged unlawful retention of his vehicle. "An elementary and fundamental requirement of due process . . . *is notice reasonably calculated*, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (emphasis added); *see also Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). Here, several notices of the sale were mailed to Guerrier's address after the "hold" was removed. He, therefore, was given an opportunity to be heard on his claim about the improper retention of the vehicle before it was sold. *See Saukstelis v. City of Chicago*, 932 F.2d 1171, 1173 (7th Cir. 1991) ("Mail to the registered owner of the car, at the address in the state's files—an address the owner is supposed to keep current—is reasonably calculated to produce actual knowledge."). Accordingly, we conclude that Guerrier received all the process to which he was entitled.

In sum, we will affirm.