# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Paul Tyrell                              :
                        v.              :
                                        :
City of Philadelphia,                   :        No. 354 C.D. 2016
                        Appellant       :        Submitted: August 26, 2016


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE JOSEPH M. COSGROVE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE COSGROVE                        FILED: April 21, 2017


The City of Philadelphia (City) appeals from an order of the Philadelphia County Court of Common Pleas (trial court), which reversed a decision of the Bureau of Administrative Adjudication (BAA) finding Paul Tyrell (Tyrell) liable for having violated Title 12 Section 12-903(1) of the Philadelphia Code (Code). Upon review, we vacate and remand.

Tyrell received a parking citation on November 12, 2014. (Reproduced Record (R.R.) at 11A.) He disputed the citation with the BAA, acknowledged he was parked six inches past the sign, and suggested the Philadelphia Parking Authority consider "leeway for cars to give cars behind them room to get out." (R.R. at 12A.) On February 9, 2015, after review of the City's prima facie case and evaluation of evidence/testimony submitted, the BAA found Tyrell liable for the citation in the amount of $76.00. (R.R. at 16A.) Tyrell appealed the decision of the BAA to the BAA Appeal Panel. At a hearing held on

May 6, 2015, Tyrell testified his car could have "fully fit in the parking spot," but it put his car too close to the car behind him. (R.R. at 18A.) Tyrell submitted a photo of his vehicle parked beyond the boundaries of the parking spot as evidence at the hearing. *Id.* By notice dated May 7, 2015, the February 9, 2015 decision of the BAA was affirmed. (R.R. at 22A.) Tyrell filed an appeal to the trial court. Oral argument was held on January 14, 2016. On February 18, 2016, the trial court entered an order reversing the decision of the BAA. (R.R. at 55A-57A.) On March 1, 2016, the City filed a Motion for Reconsideration, which was denied that same day. (R.R. at 73A.) The City now petitions this Court for review.[1]

The trial court issued an opinion pursuant to Rule 1925(a)(1) of the Pennsylvania Rules of Appellate Procedure.[2] The trial court found the decision of the BAA reversible on two grounds: 1) the citation was facially defective because the violation charged did not exist as cited, and 2) a different section of the Code for which Mr. Tyrell may have been charged allowed for *de minimis* violations. (R.R. at 82A). The trial court asserted in a footnote that "violations of the

---

[1] Where the trial court does not take additional evidence, our scope of review over the decision of a local agency is limited to determining whether constitutional rights were violated, whether an error of law was committed, whether the procedure before the local agency was contrary to statute, and whether necessary findings of fact are supported by substantial evidence. *Kovler v. Bureau of Administrative Review,* 6 A.3d 1060, 1062 n.1 (Pa. Cmwlth. 2010).

[2] Rule 1925(a)(1) provides:

1. *General Rule.--* Except as otherwise prescribed by this rule, upon receipt of the notice of appeal, the judge who entered the order giving rise to the notice of appeal, if the reasons for the order do not already appear of record, shall forthwith file of record at least a brief opinion of the reasons for the order, or for the rulings or other errors complained of, or shall specify in writing the place in the record where such reasons may be found.
   ....

2

Philadelphia Code are summary offenses over which this Court has the discretion to determine that they may be de minimis violations." *Id.*

On appeal, the City argues the trial court erred by basing its decision on evidence outside its scope of review and by failing to follow its standard of review, and the trial court abused its discretion when basing its decision on an argument not raised by the parties.

Conversely, Tyrell argues the trial court's decision was based on an error of law made by the BAA and a lack of substantial evidence. Tyrell further argues the City incorrectly interprets Section 12-913 of the Code as "separate from" Section 12-903 of the Code, and Section 12-1004 is not applicable to the location where the citation was issued. (Tyrell's Brief at 2.)

**Discussion**

The BAA first argues the decision of the trial court was based on assumed facts that were not in the record. On this point, we disagree with the BAA. A review of the trial court's decision indicates it was based on the information contained within the parking ticket issued to Tyrell. Having included the ticket in the reproduced record filed with this Court (R.R. at 11A), we must assume the BAA is not arguing that ticket is not part of the record. The ticket issued to Tyrell contained the following information in the violation section:

"129031 C

STOP PROHIBITED CC."

*Id.*

In its opinion dated February 18, 2016, the trial court noted that Section 12-903(1) of the Code does not contain a subpart (c) and held that, "where

3

the ticket is facially defective it cannot support a violation, standing alone." (R.R. at 55A-56A.) The trial court accepted Tyrell's defense that he parked outside the boundaries of the parking spot to protect his vehicle and the one behind him, and found that such a deviation would have been allowed under Section 12-913 of the Code, which does contain a subpart (c).[3] (R.R. at 56A.) Because the BAA would not entertain Tyrell's argument that he should be provided leeway to avoid damaging another vehicle, the trial court assumed the ticket was issued pursuant to Section 12-903, and not Section 12-913. *Id.* Finding the ticket facially defective, however, and noting that violations of the Code are summary offenses over which the trial court had the discretion to rule as *de minimis* violations, the trial court reversed the decision of the BAA. *Id.* at 56A-57A.

While other violations of the Code are considered summary offenses, control over parking violations in the City of Philadelphia was transferred in 1989 from Traffic Court to the Office of the Director of Finance. *O'Neill v. City of Philadelphia*, 711 A.2d 544, 545 (Pa. Cmwlth. 1998). The effect of this transfer was to decriminalize parking offenses and make them civil violations. *Id.* On this point, we agree with the BAA and conclude the trial court erred in determining a violation of the Code was a summary offense for which it could find a *de minimis* violation.

With regard to the finding of the trial court that the ticket was facially defective, we turn to Section 12-2804 of the Code, which sets forth the procedures for issuance and service of parking tickets. Paragraph 3 of that section provides in pertinent part that the "parking ticket shall also contain other sufficient information

---

[3] §12-913. Prohibitions in Specified Places.

(1) Except when necessary to… protect the safety of any person or vehicle… no person shall… (c) [p]ark a vehicle:…(ii) [a]t any place where signs prohibit parking.

4

to… inform the person of the nature… of the violation alleged." PHILA. CODE § 12-2804(3).

It is clear from the record Tyrell understood he was charged with a parking violation. As the trial court noted, however, the ticket issued referenced a non-existent Code provision. The BAA argues it was provided no opportunity to address the trial court and clarify the inclusion of "C" in the violation section. (Appellant's Brief at 8.) Clarification upon appeal, however, cannot act to retroactively create sufficiency from insufficiency.

In its May 7, 2015 decision, the BAA found Tyrell "liable for the violation under the Philadelphia Code as cited." (R.R. at 23A.) We agree with the trial court that the Code does not contain a Section 12-903(c). The trial court, however, assumed facts not on the record, namely that the writer of the ticket included the "C" to indicate a violation of a subparagraph of Section 12-903 and not something else. It is unclear from the record what the "C" represents. Section 754(a) of the Local Agency Law provides that, in the event a full and complete record of the proceedings of the local agency was not made, the court may hear the appeal de novo, or may remand proceedings for the purpose of making a full and complete record. 2 Pa.C.S. § 754(a). We therefore vacate and remand this matter to the trial court to make a new determination on whether the record was complete and, if not, whether the trial court should take additional evidence itself or remand the case to the BAA for further proceedings.

The BAA next argues the trial court erred in failing to follow the appropriate standard of review. Because we vacate the decision of the trial court and remand this matter to the trial court for further proceedings, we need not address this argument. Likewise, we need not address Tyrell's arguments

regarding the City's interpretations of sections 12-903, 12-913, and 12-1004 of the Code.

For the reasons set forth above, we vacate the order of the trial court and remand for proceedings consistent with this opinion.

_____
JOSEPH M. COSGROVE, Judge

Paul Tyrell                                        :
                          v.                       :
                                                   :
City of Philadelphia,                              :        No. 354 C.D. 2016
                          Appellant                :

## O R D E R

AND NOW, this 21st day of April, 2017, the order of the Court of Common Pleas of Philadelphia County dated February 18, 2016, is hereby vacated and this matter is remanded to the trial court for further proceedings consistent with this opinion.  Jurisdiction relinquished.


_____
JOSEPH M. COSGROVE, Judge