IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In re: Appeal of: Juanyao Huang      :
                                                  :

From a Decision of: Bureau of       :
Administrative Adjudication       :
                                                  :   No. 1558 C.D. 2023
Appeal of: Juanyao Huang         :   Submitted: May 6, 2025

BEFORE:   HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE LORI A. DUMAS, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON                FILED: June 2, 2025


Juanyao Huang (Huang), *pro se*, appeals from an order of the Court of Common Pleas of Philadelphia County (Common Pleas) dated December 4, 2023, that affirmed a decision of the Philadelphia Parking Authority (PPA) Bureau of Administrative Adjudication (Bureau). The Bureau rejected Huang's challenge to a parking ticket issued to him by the PPA. On March 31, 2025, Huang filed a Motion for Expedited Consideration of his appeal. On April 21, 2025, Huang filed a "Notice of Supplemental Authority," which we construe as an application for relief in the form of a request that this Court take judicial notice of a press release ostensibly from New York's Attorney General concerning a New York lawsuit against a towing company. Upon review, we affirm Common Pleas' order, dismiss as moot the Motion for Expedited Consideration, and decline to take judicial notice of the New York press release.

# I. Background

On September 4, 2022, Huang parked his car in a parking spot in Philadelphia designated for scooters and motorcycles only. He admits having done so. His car was ticketed and subsequently towed. The PPA later refunded the towing fee, storage fees, and costs associated with the towing of the car. However, Huang continues to challenge the $51.00 parking ticket. He also demands reimbursement of his expenses incurred as a result of the ticketing and towing, including taxi costs, time lost from work to attend the Bureau hearing, and court filing fees.

Huang appealed the parking ticket to the Bureau, which reviewed the evidence submitted and then issued a decision upholding the ticket. Huang appealed that decision to Common Pleas, which held oral argument and then issued its order affirming the Bureau's decision. This appeal followed.

# II. Discussion

Huang's statement of questions in his brief does not precisely match the arguments as presented in the argument section.[1] For clarity, we address the arguments as developed in the argument section of the brief.[2]

---

[1] Pennsylvania Rule of Appellate Procedure 2116(a) requires that "[a]he statement of the questions involved must state concisely the issues to be resolved . . . ." Pa.R.A.P. 2116(a). Pennsylvania Rule of Appellate Procedure 2119(a) requires that the argument section of the appellant's brief "shall be divided into as many parts as there are questions to be argued . . . ." Pa.R.A.P. 2119(a).

[2] This Court, as the reviewing court, must accept the credibility determinations made by the Bureau as the local agency which reviewed, evaluated the credibility of the witnesses, and served as the fact-finder; we may not substitute our judgment for that of the Bureau, and assuming the record contains substantial evidence in support of the Bureau's decision, this Court is bound by the Bureau's findings. *In re Appeal of Hubbard* (Pa. Cmwlth., No. 366 C.D. 2023, filed July 16, 2024), slip op. at 3 (quoting *Troiani Grp. v. City of Pittsburgh Bd. of Appeals*, 273 A.3d 43, 52 (Pa. Cmwlth. 2022)). We cite our unreported opinion in *Hubbard* as persuasive authority pursuant to Section 414(a) of this Court's Internal Operating Procedures. 210 Pa. Code § 69.414(a).

In his first and second arguments, Huang asserts that the parking sign at issue contained font that was improperly small and that the diagrams depicting a motorcycle and a scooter were also impermissibly small. These arguments lack merit. Section 212.114(d) of the Commonwealth of Pennsylvania Department of Transportation (Department) Bureau of Highway Safety and Traffic Engineering Publication 212, Official Traffic Control Devices (Publication 212),[3] relating to "Stopping, standing and parking restrictions," merely provides that "[w]hen parking is permitted, local authorities or the Department may prohibit certain kinds and classes of vehicles from parking for safety, capacity or environmental reasons. Official signs must indicate the prohibitions." 67 Pa. Code § 212.114(d). The sign at issue here indicated the parking limitation to scooters and motorcycles. The size requirements Huang cites are found in Section 212.115 of Publication 212, "Posting of Private Parking Lots." 67 Pa. Code § 212.115; *see also* Reproduced Record at 21.[4] On its face, this provision applies only to private parking lots, not to public on-street parking spaces like the one at issue here. 67 Pa. Code § 212.115. Moreover, even if the private parking lot font size requirements applied and were not met, Section 212.101(c) of Publication 212 expressly provides that

> [v]ariations in the proportion of symbols, stroke width and height of letters, width of borders or layout of word or symbol messages will be sufficient cause for the Secretary [of the Department] to order the removal or replacement of a sign, but ***will not be a defense in prosecution for***

[3] Available at https://www.dot.state.pa.us/public/PubsForms/Publications/PUB%20212.pdf (last visited May 30, 2025).

[4] Huang failed to number the pages of the reproduced record in accordance with the requirement of Rule 2173 of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 2173. For clarity and convenience, the page number cited here is the electronic pagination provided in the reproduced record as electronically filed.

> *violation of any mandatory traffic control provided by the sign*.

67 Pa. Code § 212.101(c) (emphasis added). For each of these reasons, Huang's first two arguments fail.

In his third argument, Huang asserts that the towing of his car was wrongful. This argument is moot, inasmuch as the PPA has already refunded the towing charge, storage fees, and associated costs. Huang maintains, however, that he is additionally entitled to recover lost income, taxi and parking fees, and document preparation and filing fees relating to his challenge to the towing. We disagree. Huang cites no legal authority that would entitle him to recover such costs here, and this Court is aware of none. *Accord O'Neill v. City of Phila.*, 711 A.2d 544, 549 (Pa. Cmwlth. 1998) (observing, regarding the legal expense of challenging a parking violation, that "the expense and inconvenience of pursuing the administrative remedy does not render the remedy inadequate"). Huang offers only an anecdotal description of a case, with no citation of the case name or number, in which the PPA was purportedly sanctioned for twice impounding a bankruptcy debtor's car in derogation of the automatic stay imposed under the bankruptcy. However, even assuming the existence of this unidentified case, bankruptcy is federal litigation with its own separate rules of procedure, and violation of the automatic stay is subject to sanctions that have no parallel in the towing of an illegally parked vehicle in a non-bankruptcy scenario. Accordingly, Huang's third argument also fails.

In his fourth argument, Huang asserts that the ticket mailed to him failed to state the amount of the late charges that would accrue if the ticket was not timely paid. He contends that this violates Section 12-2805 in Title 12 of the Philadelphia Code (Traffic Code), which provides, in pertinent part, that "[t]he

4

notice of violation shall inform the operator or owner: (i) of the parking violation charged, the time and date of the parking violation, and the amount of fines, costs and additional fees that shall become due if the notice of violation is not answered within the period prescribed . . . ." Traffic Code § 12-2805. However, Huang does not allege that he incurred any late charges or otherwise suffered any prejudice from the alleged failure to list the amount of the late charges that would accrue; nor does he cite any legal authority to suggest that the failure to provide the amount of the charges would automatically invalidate the parking ticket. Accordingly, Huang has failed to support or develop his argument on this issue. *See* Pa.R.A.P. 2119(a) (requiring the appellant to support his argument "by such discussion and citation of authorities as are deemed pertinent"). His fourth argument fails.

In his fifth argument, Huang protests that he was deprived of his right to an in-person hearing before the PPA. He insists this right is provided by Section 12-2805 of the Traffic Code; however, his own quotation of that provision demonstrates the inaccuracy of his assertion. Section 12-2805 provides, in pertinent part:

> The notice of violation shall inform the operator or owner: . . . (ii) of the right to contest a violation at *a hearing in person, by telephone if eligible under subsection 12-2806(1)(d), or on written testimony and other evidence submitted by mail or by electronic submission*, including but not limited to, email, website or facsimile transmissions . . . .

Traffic Code § 12-2805 (emphasis added). On its face, Section 12-2805 expressly states that a hearing may be in person, by telephone, or by written testimony. It does not provide a right to a hearing in person. Moreover, the record does not indicate that Huang objected to the lack of an in-person hearing during the proceedings before the Bureau, so that argument is waived in any event. *See R.J.W. v. Dep't of Hum.*

5

*Servs.*, 139 A.3d 270, 292 (Pa. Cmwlth. 2016) (quoting *K.J. v. Dep't of Pub. Welfare*, 767 A.2d 609, 612 (Pa. Cmwlth. 2001) (stating that failure to raise an issue before an administrative law judge waives the issue and that "[o]ur case law is unwavering that when a party fails to raise an issue, even one of a constitutional dimension, in an agency proceeding, the issue is waived and cannot be considered for the first time in a judicial appeal") (additional quotation marks omitted)). Accordingly, Huang's fifth argument fails.

In his sixth argument, Huang asserts generally that Section 12-1005(1) of the Traffic Code expressly allows a driver to use any unexpired parking time remaining on a meter but that current practice eliminates the ability to do so by requiring each driver to enter his vehicle's license plate number. *See* Traffic Code § 12-1005(1) (providing, in pertinent part, that "[a]ny vehicle can use the remaining time on the parking meter until such time expires and additional payments are required"). This argument is not relevant to or probative of any issue in this case. Huang was cited for parking in a spot not available to cars, not for exceeding the time on a parking meter. Therefore, we reject this argument out of hand.

In his seventh and final argument, Huang asserts baldly and generally that the "PPA has a long history of bullying drivers in Philadelphia." Br. of Appellant at 21. In support, Huang anecdotally describes an alleged incident in which a driver was cited and her car towed when a space she had parked in legally was later converted to a handicap space while her car was parked there. Like Huang's sixth argument, this argument is not relevant to or probative of any issue in this case. Huang was cited for parking in a spot not available to cars. The parking space was limited to scooters and motorcycles at the time he parked his car there, and he does not contend otherwise; nor does he explain how ticketing his car, which

6

was admittedly parked illegally in a space designated solely for scooters and motorcycles, somehow constituted bullying on the part of the PPA. Therefore, we reject Huang's final argument.

### III. Conclusion

As discussed above, all of Huang's asserted errors are completely lacking in any merit. Accordingly, we affirm Common Pleas' order. We also dismiss as moot the Motion for Expedited Consideration. We decline to take judicial notice of a New York press release, which relates neither to the facts of this case nor to Pennsylvania law.

_____
CHRISTINE FIZZANO CANNON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In re: Appeal of: Juanyao Huang  :
                                  :
From a Decision of: Bureau of     :
Administrative Adjudication       :
                                  :    No. 1558 C.D. 2023
Appeal of: Juanyao Huang          :

## O R D E R

AND NOW, this 2nd day of June, 2025, the December 4, 2023 order of the Court of Common Pleas of Philadelphia County is AFFIRMED. The Motion for Expedited Consideration filed by Appellant, Juanyao Huang (Huang), is DISMISSED as moot. Huang's request that this Court take judicial notice of "supplemental authority" in the form of a purported press release concerning a lawsuit in New York is DENIED.

_____
CHRISTINE FIZZANO CANNON, Judge